UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERREN CARLTON,

                Petitioner,

vs.                            Case No. 3:09-cv-1201-J-34JBT

WALTER A. MCNEIL,
et al.,

                Respondents.

_____

**ORDER**

**A. Status**

    Petitioner Carlton, an inmate of the Florida penal system who is proceeding pro se, initiated this action by filing a Motion for Leave of Court to File Belated Title 28 U.S.C. § 2254 Petition (Motion) (Doc. #1) on December 4, 2009, pursuant to the mailbox rule. In the Motion, Petitioner conceded that he has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d), and therefore asked this Court for permission to file a belated Petition for Writ of Habeas Corpus. This Court granted the Motion only to the extent that Petitioner was granted leave to file a Petition for Writ of Habeas Corpus for this Court's consideration. See Order (Doc. #4), filed December 15, 2009.

Petitioner filed a Petition for Writ of Habeas Corpus (Petition) (Doc. #7) under 28 U.S.C. § 2254 on January 20, 2010, pursuant to the mailbox rule.[1] Petitioner also filed a Memorandum of Law Pursuant to Title 28 U.S.C. § 2254 (Doc. #8) and exhibits. Petitioner challenges a 2004 state court (Duval County, Florida) judgment of conviction for robbery.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] The Petition (Doc. #7) was filed in this Court on March 30, 2010; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner handed it to prison authorities for mailing to this Court (January 20, 2010). See Houston v. Lack, 487 U.S. 266, 275-76 (1988). The Court will also give Petitioner the benefit of the mailbox rule with respect to his pro se inmate state court filings when calculating the one-year limitations period under 28 U.S.C. § 2244(d).

2

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Respondents contend that Petitioner has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus (Response) (Doc. #13).[2] Petitioner has filed a memorandum opposition to the motion. See Petitioner's Reply to Respondents' Motion to Dismiss (Doc. #15), filed August 20, 2010. This case is now ripe for review.

### B. One-Year Limitations Period

The following procedural history is relevant to the one-year limitations issue. In Duval County Circuit Court Case No. 16-2003-CF-8065, Carlton was charged with two counts of robbery for incidents occurring on January 17, 2003, and June 27, 2003. See

---

[2] The Court will refer to Respondents' exhibits as "Resp. Ex."

https://showcase.duvalclerk.com (website for the Duval County criminal dockets). Following a trial held on January 6-7, 2004, a jury found Carlton guilty of robbery (count two) for the January 17, 2003 incident.[3] Resp. Ex. 1, Judgment. On February 12, 2004, the trial court adjudicated Petitioner guilty of the charge and sentenced him to ten years of incarceration. Id.

On appeal, Petitioner, through counsel, filed a brief, raising two issues. Resp. Ex. 2. The State filed an Answer Brief, and Petitioner filed a Reply Brief. Resp. Exs. 3, 4.[4] On January 27, 2005, the appellate court affirmed Petitioner's conviction and sentence per curiam. Carlton v. State, 892 So.2d 1016 (Fla. 1st DCA 2005); Resp. Ex. 5. The mandate issued on February 14, 2005. Resp. Ex. 6. Petitioner did not seek review in the United States Supreme Court.

Petitioner's conviction became final on April 27, 2005 (90 days from January 27, 2005). See Close v. United States, 336 F.3d 1283, 1285 (11th Cir. 2003) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the

---

[3] In a separate trial on count one, the jury found Petitioner Carlton guilty of petit theft for the June 27, 2003 incident. See https://showcase.duvalclerk.com.

[4] The briefs on appeal contain detailed statements of the evidence adduced at the trial. See Resp. Exs. 2, 3.

appellate court's denial of that motion."). Because Petitioner's conviction was <u>after</u> April 24, 1996, the effective date of the AEDPA, Petitioner had one year from the date his conviction became final to file the federal petition (April 27, 2006). His Petition, filed on January 20, 2010, is due to be dismissed as untimely unless he can avail himself of one of the statutory provisions which extends or tolls the limitations period.

The one-year period of limitations started running on April 28, 2005, and ran for forty-eight (48) days until June 15, 2005, when Petitioner filed his petition for writ of habeas corpus in the appellate court. Resp. Ex. 7. The appellate court denied the petition on the merits on September 26, 2005. <u>Carlton v. State</u>, 912 So.2d 663 (Fla. 1st DCA 2005); Resp. Ex. 8. Petitioner's motion for rehearing, Resp. Ex. 9, was denied on October 26, 2005, Resp. Ex. 10.

The one-year period of limitations started running again on October 27, 2005, and ran for two-hundred and ninety-nine (299) days until August 22, 2006, when Petitioner, through counsel, filed his motion for post conviction relief pursuant to Fla. R. Crim. P. 3.850. Resp. Ex. 11. The State filed a response. Resp. Ex. 12. The trial court denied the motion on September 18, 2008. Resp. Ex. 13. No evidentiary hearing was held. Petitioner appealed, Resp. Ex. 14, and the appellate court affirmed the denial per curiam on August 18, 2009. <u>Carlton v. State</u>, 18 So.3d 531 (Fla. 1st DCA

2009); Resp. Ex. 15.  Petitioner file a motion for rehearing, Resp. Ex. 16, which was denied on September 18, 2009, Resp. Ex. 17.  The mandate issued on October 6, 2009.  Resp. Ex. 18.  Thus, Petitioner had eighteen days left, or until Monday, October 26, 2009, to timely file his Petition in this Court.[5]

On December 4, 2009, over a month beyond the deadline, Petitioner filed a Motion for Leave of Court to File Belated Title 28 U.S.C. § 2254 Petition (Doc. #1).  Recognizing that he had already missed the limitations deadline, Petitioner provided the following reasons why he should be permitted to file a late Petition: (1) "he is not educated in the science of law" and therefore this Court should "not let form . . . override substance or procedural technicalities to defeat 'fairness and justice'"; (2) because he is not educated in the law, he must depend on the legal wit of a prisoner law clerk assigned to the institution's law library; (3) the Petition contains four claims of ineffective assistance of counsel, an actual innocence claim and the cumulative errors of counsel, which caused him to be convicted of an unarmed

---

[5] The one-year period of limitation continues to run until an actual petition for writ of habeas corpus is filed. See Woodford v. Garceau, 538 U.S. 202, 210 (2003) (holding that a federal habeas case commences with the filing of an application for habeas corpus relief); Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003) (per curiam) (citing Woodford for the proposition that a case does not become "pending" until the actual application for habeas corpus relief is filed in federal court).

robbery that he did not commit; and (4) he has shown reasonable diligence in pursuing post conviction relief.

Then, over one month later on January 20, 2010, Petitioner filed the instant Petition. By that time, the one-year period of limitations had started running again on October 7, 2009, and had continued to run for one-hundred and five (105) days until January 20, 2010, when Petitioner filed the Petition in this Court. As such, the one-year period of limitations ran for a total of four hundred and fifty-two (452) days before Petitioner filed his January 20, 2010 Petition.

Based on the foregoing, the Petition, filed January 20, 2010, is untimely filed and due to be dismissed unless Petitioner can establish that equitable tolling of the statute of limitations is warranted. The United States Supreme Court has established a two-prong test for equitable tolling, stating that a petitioner "must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007); see Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (stating that equitable tolling "is a remedy that must be used sparingly"); see also Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008) (noting that the Eleventh Circuit "has held that an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence.") (citation

omitted). The burden is on Petitioner to make a showing of extraordinary circumstances that are both beyond his control and unavoidable with diligence, and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250 (11th Cir. 2005), cert. denied, 546 U.S. 1108 (2006); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (citations omitted). Here, Petitioner simply has not met the burden of showing that equitable tolling is warranted.

Petitioner claims that "he is not educated in the science of law" and must rely upon the assistance of a prison law clerk. Motion (Doc. #1) at 1. While the Court recognizes that the lack of a formal education presents challenges, it does not excuse Petitioner from complying with the time constraints for filing a federal petition. Moore v. Bryant, No. 5:06cv150/RS/EMT, 2007 WL 788424, at *2-*3 (N.D. Fla. Feb. 12, 2007) (not reported in F.Supp.2d) (Report and Recommendation), Report and Recommendation adopted by the District Court on March 14, 2007; see Conner v. Bullard, No. Civ.A. 03-0807-CG-B, 2005 WL 1387630, at *3 (S.D. Ala. June 9, 2005) (not reported in F.Supp.2d) (finding the claim of illiteracy to not be justification for equitable tolling of the one-year statute of limitations), Conner v. Bullard, No. CIV.A. 03-807-CG-B, 2005 WL 1629951 (S.D. Ala. July 8, 2005) (not reported in F.Supp.2d) (Report and Recommendation Adopted by the District Court); Malone v. Oklahoma, 100 Fed. Appx. 795, 798 (10th Cir.

2004) (not selected for publication in the Federal Reporter) (stating that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) (stating that unfamiliarity with the legal process due to illiteracy does not merit equitable tolling), cert. denied, 528 U.S. 1007 (1999).

Further, Petitioner claims actual innocence. To make a showing of actual innocence, Petitioner must show "that it is more likely than not that no reasonable juror would have found Petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995). In assessing the adequacy of a petitioner's showing, the Court stated:

> The meaning of actual innocence . . . does not merely require a showing that a reasonable doubt exists in the light of the new evidence, but rather that no reasonable juror would have found the defendant guilty. It is not the district court's independent judgment as to whether reasonable doubt exists that the standard addresses; rather the standard requires the district court to make a probabilistic determination about what reasonable, properly instructed jurors would do. Thus, a petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.

Id. at 329; see also Sibley v. Culliver, 377 F.3d 1196, 1205 (11th Cir. 2004) (stating that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no

reasonable juror would have convicted him in the light of the new evidence") (citations omitted).

This Court finds that Petitioner has not made a showing of actual innocence. Petitioner has not offered any new reliable evidence that was not available at the time of trial. Petitioner has not produced exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial. Indeed, he has failed to point to any evidence to demonstrate that it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence. This is not an "extraordinary" case under the Schlup standard. House v. Bell, 547 U.S. 518, 538 (2006).

Petitioner has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, this Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### C. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Respondents' Motion to Dismiss (Doc. #13) is **GRANTED**.

2. This case is **DISMISSED** with prejudice.

11

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice and shall close this case.

4. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 2nd day of September, 2010.

MARCIA MORALES HOWARD
United States District Judge

sc 9/2
c:
Terren Carlton
Assistant Attorney General (Conley)